UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY L. HARMON,

       Plaintiff,

      v.                         Case No. 26-CV-359

DEP. MATTHIESEN,
OZAUKEE COUNTY JAIL,
SUSANNA A., and
CAPT. KAAS,

       Defendants.

## SCREENING ORDER

Plaintiff Larry Harmon, who is currently incarcerated at Ozaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $72.63. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

At all times relevant, Plaintiff was an inmate at Ozaukee County Jail. According to the complaint, on October 30, 2025, Plaintiff approached Deputy Matthiesen about seeing a nurse because he was in pain. He also put in requests to see mental health. Deputy Matthiesen responded that medical and mental health staff were unavailable. Plaintiff told Deputy Matthiesen multiple times that he was feeling suicidal. Plaintiff alleges that Deputy Matthiesen initially ignored Plaintiff and then responded, "fuck you." Compl. at 2, Dkt. No. 1.

Plaintiff attempted suicide by hanging over the stair railing and falling. He injured his leg, knee, back, and arm. Deputy Matthiesen entered the tier and told Plaintiff to get off the ground or he would send Plaintiff to lock down. Plaintiff told Deputy Matthiesen that he was in pain and felt suicidal, but Deputy Matthiesen ignored Plaintiff. An hour later, Plaintiff told Deputy Matthiesen that he was in pain and felt suicidal, and Deputy Mattheisen sent Plaintiff to booking to be placed on observation status. *Id.*

While on observation status, Plaintiff spoke with Mental Health Counselor Susanna A. Mental Health Counselor Susanna A. cleared Plaintiff from observation status after a few hours, even though he told her he still felt suicidal. Plaintiff returned to his cell. *Id.* at 3.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because Plaintiff was a pretrial detainee at the relevant time, the Fourteenth Amendment's objective unreasonableness standard applies to this case.

Under the Fourteenth Amendment's objective unreasonableness standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question is an objective one: Did the defendant "take reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the Fourteenth Amendment standard, a plaintiff must allege that (1) the defendants acted purposefully, knowingly, or perhaps even recklessly, without regard to their subjective awareness of the risk of inaction and (2) the defendants' response to the medical condition was objectively unreasonable. *Id.* at 570–72.

Plaintiff alleges that Deputy Matthiesen ignored his requests to see medical staff because he was in pain and felt suicidal. Plaintiff ultimately attempted to commit suicide by hanging over the stair railing and falling, resulting in injuries to his leg, knee, back, and arm. Plaintiff claims

4

that Deputy Matthiesen did not send Plaintiff to be booked into observation status until one hour after his suicide attempt. Plaintiff also alleges that Mental Health Counselor Susanna A. cleared him from observation status, even though Plaintiff told her he still felt suicidal. Based on these allegations, Plaintiff may proceed on a Fourteenth Amendment claim against Deputy Matthiesen and Mental Health Counselor Susanna A.

Plaintiff may not proceed against Ozaukee County Jail because it is not a proper defendant under § 1983. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law, and a jail is not a "person." The Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under § 1983, *see Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), but a jail is not a legal entity separate from the county government it serves. *See Miranda v. Milwaukee Cty. Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)). Even if the Court construed Plaintiff's complaint to assert a claim against the County itself, under *Monell*, the County can only be liable if the harm Plaintiff suffered was the result of a County policy, custom, or widespread practice. *See Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). Plaintiff asserts that the County failed to properly train its staff.

A failure to train is an official custom or policy for purposes of § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom [the defendants] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Liability attaches "where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by . . . policymakers." *Id.* at 388–89 (citation omitted). Although Plaintiff asserts that Ozaukee County must train its staff to "take suicidal claims more seriously,"

Compl. at 4, the complaint does not contain any allegations that policymakers made a deliberate policy choice to follow a certain course of action regarding complaints of suicide. In addition, a single incident of allegedly improper medical care does not support an inference that there was a failure to train. "Although this court has not adopted any bright-line rules for establishing what constitutes a widespread custom or practice, it is clear that a single incident—or even three incidents—do not suffice." *Wilson v. Cook County*, 742 F.3d 775, 780 (7th Cir. 2014). For these reasons, Plaintiff fails to state a failure to train claim against the County.

Finally, Plaintiff names Captain Kaas as a defendant, but the complaint contains no allegations against Captain Kaas. Therefore, Captain Kaas will be terminated as a defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Ozaukee County Jail and Captain Kaas are **TERMINATED** as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Deputy Matthiesen and Mental Health Counselor Susanna A. pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

6

**IT IS FURTHER ORDERED** that Deputy Matthiesen and Mental Health Counselor Susanna A. shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $277.37 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin

7

125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on April 13, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

8